DAVID B. WATERMAN, Appellant, *v.* JOHN A. JOHNSON, JOSEPH E. SMITH AND DAVID E. STOTTS, Respondents.

1. *Equity — Injunction — Allegation of insolvency, etc.*—An injunction is not the proper remedy to prevent the wrongful sale of land, where there is no allegation of insolvency or other matter bringing the case within some exclusive branch of equity jurisdiction.

2. *Specific performance — Partnership — Covenant — Estoppel.*—A. sold out his interest in a partnership with B. to C., on condition that C. should pay the amount of a note from himself to B., and that B. should then surrender to him the note. *Held*, that the note having been paid and C. put in possession in his place, and in all respects treated by B. as partner, the latter could not afterward claim that C. had failed to perform certain acts necessary to consummate the new partnership, and so refuse to deliver the note.

*Appeal from Andrew Circuit Court.*

As appears from the petition, in December, 1866, plaintiff executed to one William A. J. Smith his note for $2,300, and to secure it executed to Smith his mortgage, with power of sale, conveying the undivided half of certain lands in Andrew county, Missouri. Afterward plaintiff paid on the note $1,500, and Smith assigned it, with the credit thereon, to defendant Johnson. After the assignment, plaintiff and Johnson were the joint owners and operators of a steam saw-mill in Gentry county, Missouri. In 1869, defendant Joseph E. Smith applied to plaintiff to purchase his interest in said steam saw-mill and its business; and plaintiff, at the request of said defendant Johnson, and also of the said defendant Smith, sold his interest in the mill to said Joseph E. Smith, on condition that said Smith should pay the balance due on plaintiff's note to Johnston, and take and return said note to plaintiff and satisfy and release the lien of said deed of mortgage. It was agreed between said Smith, Johnson and plaintiff that Johnson would surrender and assign plaintiff's note to Smith, and that Smith should deliver the same to plaintiff and satisfy the mortgage on plaintiff's land, on delivery of plaintiff's interest to said Joseph E. Smith, and on the further condition that plaintiff would release Johnson from the payment of about $100 due plain-

tiff on the settlement of their partnership affairs.  The petition further stated that at the instance and request and by the agency of the said Johnson, plaintiff gave up and surrendered all his interest in said mill and its business to said Joseph E. Smith, and released said Johnson from the payment of the said sum due to plaintiff from him, and Johnson agreed and promised to receive the notes of Joseph E. Smith in lieu of plaintiff's note ; that said Johnson and Joseph E. Smith, in pursuance of said agreement, took possession of plaintiff's interest in said mill and its business, and changed the firm-name and style of said firm to Johnson & Smith.  Wherefore plaintiff stated that his note was paid and satisfied as before stated ; that notwithstanding said agreement and payment of said note, defendant Johnson refused to surrender the same to plaintiff according to his agreement, but had caused defendant Stotts, who was sheriff of Andrew county, Missouri, to advertise plaintiff's real estate for sale under said mortgage, to pay the alleged balance due on said note; that said Stotts, having advertised said real estate for sale, threatened to, and would, sell the same under color of said mortgage ; that such sale would be in fraud of plaintiff's rights in the premises, and plaintiff would be remediless if such sale were made ; wherefore plaintiff prayed an injunction against the said Stotts and Johnson to prohibit such threatened sale, and for decree for specific performance of said contract against defendants Smith and Johnson.

*Strong & Chandler*, for appellant.

*Heren & Rea*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

Had the petition simply asked for an injunction, the decision of the court in dissolving the temporary restraining order and dismissing the proceeding, would undoubtedly have been correct ; for an injunction is not the proper remedy to prevent the wrongful sale of land, where there is no allegation of insolvency or other matter bringing the case within some exclusive branch of

equity jurisprudence. But the petition in this case, in addition to the prayer for an injunction, asked for the specific performance of a contract, and the cancellation and surrender of a note and mortgage.

The only witness there was to support the defense set up was the defendant Johnson himself, and his evidence is clearly overborne and outweighed by the array of testimony for the plaintiff. The evidence leaves no doubt on my mind that an agreement was arrived at and a contract made between Waterman and Johnson. Waterman unquestionably thought so, and Johnson admitted it and acted upon it. He not only told the company at Waterman's house that he made the trade, but he went back to the mill and told Smith that such was the fact, and in pursuance of the bargain put Smith in possession of the mill as a partner, and the two jointly carried on the mill in their partnership name, which Johnson caused to be changed from the old firm to the new.

When the mill was thus delivered up and changed hands, through the agency of Johnson in carrying out the agreement with Waterman, it was too late for him afterward to say that Smith had not paid the $100 that he agreed to pay, and therefore the contract was not consummated. Had Johnson relied on that payment as a condition precedent, he should have insisted upon it before he put Smith in possession of the mill as a partner. When he did so, and surrendered up Waterman's property to Smith, and recognized him as a full partner, Waterman had a right to suppose that the money was either paid or that its payment was waived. Nothing was heard from Johnson about Smith's default till a dissatisfaction sprung up between them, and then it was that Johnson suddenly discovered that the agreement was never carried out, and that Waterman was still a part owner of the mill. There is no dispute as regards Smith's readiness and willingness to execute the mortgage that he was to give to secure the payment of the purchase-money to Johnson.

Upon the whole case I think it is very clear that the contract was consummated, and that possession was given under the contract, and that Waterman is entitled to have his note and mortgage delivered up to him. That Smith and Johnson do not get

along well with their business, ought not to injuriously affect Waterman, when he has fully complied with his agreement and parted with his property on the strength thereof.

The judgment will be reversed and the cause remanded. Judge Bliss concurs.	Judge Adams absent.